IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02575-BNB

EUGENE GREGORY WALLIN,

Plaintiff,

v.

WARDEN KEVIN MIYARD, Sterling Corr. Facility,
WARDEN NOBEL WALLACE, D.R.D.C.,
MAJOR COX, Sterling Correctional Facility,
LT. HALLIGAN, Head Case Mgr., S.C.F., and
LT. EVA LITTLE, Case Mgr., S.C.F.,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

---

Plaintiff, Eugene Gregory Wallin, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Wallin filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He asks for declaratory and injunctive relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). For the reasons stated below, Mr. Wallin will be ordered to file an amended pleading.

The Court has reviewed the complaint filed in this action and finds that the claims Mr. Wallin asserts are habeas corpus, not civil rights, claims. Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C.

§ 1983. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). However, Mr. Wallin is not challenging the conditions of his confinement. Instead, he is challenging the validity of his custody. He specifically wants the DOC to allow him to apply for commutation of his sentence.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Therefore, because the claims Mr. Wallin raises properly should be asserted in a habeas corpus action, he will be directed to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) if he wishes to pursue his claims in this action.

As stated previously, Mr. Wallin has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Although he was not required to pay an initial partial filing fee, he was required to pay the full $350.00 filing fee through monthly installments. However, because the Court has determined that this action properly is construed as a habeas corpus action, the requirement that he pay the $350.00 filing fee in a civil rights action will be waived. Mr. Wallin will be allowed to proceed *in forma pauperis* without payment of the $5.00 filing fee required in a habeas corpus action. *See* 28 U.S.C. § 1914(a).

Mr. Wallin is advised that he must exhaust state remedies before he may raise his habeas corpus claims in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351

2

(1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that Mr. Wallin file an amended pleading by submitting to the Court **within thirty (30) days from the date of this order** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Wallin, together with a copy of this order, two copies of the following forms: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that because the Court has determined that this action properly is construed as a habeas corpus action, the requirement that Mr. Wallin pay the $350.00 filing fee in a civil rights action is waived. It is

FURTHER ORDERED that Mr. Wallin is allowed to proceed *in forma pauperis* without payment of the $5.00 filing fee required in a habeas corpus action. It is

FURTHER ORDERED that, if Mr. Wallin fails within the time allowed to submit as directed an amended pleading that demonstrates exhaustion of state remedies, the action will be dismissed without further notice.

DATED January 31, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02575-BNB

Eugene Gregory Wallin
Prisoner No. 122519
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 1/31/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk