IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02575-BNB

EUGENE GREGORY WALLIN,

Plaintiff,

v.

WARDEN KEVIN MIYARD, Sterling Corr. Facility,
WARDEN NOBEL WALLACE, D.R.D.C.,
MAJOR COX, Sterling Correctional Facility,
LT. HALLIGAN, Head Case Mgr., S.C.F., and
LT. EVA LITTLE, Case Mgr., S.C.F.,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 3 0 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Eugene Gregory Wallin, was a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Sterling, Colorado, correctional facility when he filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He alleges that he has been released on parole.

On March 13, 2008, Magistrate Judge Boyd N. Boland entered an order vacating the January 31, 2008, order for an amended pleading and directed Mr. Wallin to file an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. In the March 13 order, Magistrate Judge Boland informed Mr. Wallin that, since he had been released from incarceration, his continuing obligation to pay the filing fee must be determined, like any nonprisoner, solely on the basis of whether he qualifies for *in*

*forma pauperis* status. Therefore, he was informed that he must submit the full $350.00 filing fee in order to pursue his claims in this action or, alternatively, an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Mr. Wallin was warned that failure to do so within the time allowed would result in the dismissal of the instant complaint and action.

On April 14, 2008, Mr. Wallin submitted an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. However, the motion is not notarized. Mr. Wallin seeks permission to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (a)(1) of § 1915 allows a litigant to commence a lawsuit without prepayment of fees or security therefor. Subsection (e)(2)(A) of § 1915 requires the Court to dismiss the case at any time if the Court determines the allegation of poverty is untrue. "There is no absolute right to proceed in court without paying a filing fee in civil matters." *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988). *See also* 28 U.S.C. § 1914(a) (2006). Proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, i.e., without paying a filing fee under § 1914, is a privilege extended to individuals unable to pay such a fee. *Holmes*, 852 F.2d at 153.

The *in forma pauperis* motion and affidavit Mr. Wallin submitted on April 14, 2008, are incomplete because the motion and affidavit are not notarized. Without a properly completed *in forma pauperis* motion and affidavit, the Court finds that it is unable to determine whether Mr. Wallin is able to pay such fees or give security therefor because he has failed to submit a completed affidavit, thus invalidating the motion. The threshold requirements of subsection (a)(1) of 28 U.S.C. § 1915 must be satisfied in order to obtain leave to proceed *in forma pauperis*. *See Ragan v. Cox*,

2

305 F.2d 58, 60 (10th Cir. 1962). Section 1915(a)(1) requires an affidavit by the plaintiff that he is unable to pay court fees or security. An incomplete or missing affidavit fails to satisfy this requirement. *See, e.g., Atkins v. Sullivan*, 387 F.2d 140, 141 (10th Cir. 1967) (affidavits in support of *in forma pauperis* motions bearing thumbprints of movants but no notarization were defective). By tendering an incomplete affidavit, Mr. Wallin denies the Court the opportunity to determine if he satisfies the economic eligibility requirement of § 1915(a)(1). The Court may not grant Mr. Wallin leave to proceed pursuant to § 1915 without a finding that he is economically justified in commencing an action *in forma pauperis*.

The Court finds that Mr. Wallin does not qualify for commencement of this action without prepayment of fees or security pursuant to 28 U.S.C. § 1915. The *in forma pauperis* motion will be denied. The instant action will be dismissed for failure to comply with the March 13, 2008, order within the time allowed. Mr. Wallin may initiate a new action by filing, together with a complaint, a properly completed motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915, or by paying the $350.00 filing fee required under 28 U.S.C. § 1914 if he wishes to pursue his claims. Accordingly, it is

ORDERED that Mr. Wallin is denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice for failure to cure.

DATED at Denver, Colorado, this 29 day of _____ April _____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-02575-BNB

Eugene Gregory Wallin
Catholic Charities Samaritan House
2301 Lawrence Street, #107
Denver, CO 80205

    I hereby certify that I have mailed a copy of this **ORDER AND JUDGMENT**  to the
above-named individuals on ̶4̶|̶3̶0̶|̶0̶8̶

                                        GREGORY C. LANGHAM, CLERK


                                     By:_____
                                           Deputy Clerk